UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAX DAVENPORT  CIVIL ACTION NO. 5:04CV1048

versus  JUDGE WALTER
 **REFERRED TO:**
AUTOZONE, INC.  **MAGISTRATE JUDGE HORNSBY**

### MEMORANDUM RULING

Before the court is a **Motion for Summary Judgment (Doc. 37)** filed by Defendant AutoZone, Inc. ("AutoZone"). Based on the following, the Motion for Summary Judgment is **denied**.

### I. BACKGROUND

The facts of the case, presented in the light most favorable to Plaintiff Max Davenport, are as follows. Plaintiff entered the AutoZone store at 2760 West 70th Street in Shreveport, Louisiana just after 11:00 a.m. on October 12, 2003. On that day, there was a display inside the store consisting of three stacked cardboard boxes containing plastic bottles of motor oil. This display was located about 10 to 12 feet from the entrance to the store and was in an area that customers would typically walk through when entering the store. Plaintiff claims he slipped on some motor oil as he walked by the display. He contends he suffered certain injuries as a result of this accident and has sued for damages.

Defendant filed a motion for summary judgment on the grounds that Plaintiff cannot meet his burden of proof under R.S. 9:2800.6(B)(2). AutoZone contends that there is no

evidence that it either created or had actual or constructive notice of the allegedly hazardous condition in question.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). On a motion for summary judgment, the facts are viewed in the light most favorable to the non-moving party and all reasonable doubts are resolved in that party's favor. Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. Id.

### B. Plaintiff's Burden Under R.S. 9:2800.6

La. R.S. 9:2800.6 reads in relevant part as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

**C. Summary Judgment Evidence**

The summary judgment evidence does not indicate that Defendant created the allegedly hazardous condition, so Plaintiff must demonstrate that Defendant had actual or constructive notice of that condition prior to the accident. As explained below, the summary judgment evidence shows there are genuine issues of material fact as to whether Defendant had actual or constructive knowledge of the allegedly dangerous condition of the floor.

Plaintiff admitted in his deposition that he did not know how long the oil had been on the floor when he slipped (Deposition of Max Davenport, p. 64). However, Plaintiff is not required to prove exactly how long the dangerous condition existed in hours and minutes. Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188, 1190-1191 (La. 1999). Instead, he must prove that the condition existed for some time prior to the accident, and there is no bright line

that determines how long that time period must be. Id. This time period can be established by circumstantial evidence. Henry v. Wal-Mart Stores, Inc., 758 So.2d 327 (La. App. 3 Cir. 2000).

Plaintiff claims that after he slipped, he saw motor oil on the floor and that the bottom cardboard box of the display had soaked through with oil. (Affidavit of Max Davenport, p. 2). AutoZone argues in its Reply Brief that Plaintiff is improperly attempting to create an issue of fact in his affidavit by contradicting his own deposition testimony. However, in his deposition, Plaintiff testified that after he fell he saw what looked like a leaky bottle of oil in the display *and that the bottom of the box on the display had oil stains on it.* (Deposition of Max Davenport, p. 61.) Even though Plaintiff testified that he did not actually see oil dripping on the floor, Plaintiff's deposition testimony satisfies the court that there are genuine issues of material fact regarding whether a bottle of oil in the display leaked oil into the bottom of the box; whether that oil eventually dripped onto the floor causing Plaintiff to slip; and whether the dangerous condition existed for some time prior to the accident.

Davenport also contends that Tracey Stovall, an AutoZone manager who was working about 7 to 12 feet from the accident, did not properly check for spills as required by the AutoZone safety manual. (Deposition of Tracey Stovall, pp. 24 and 31, and Deposition of Kelley Cullen, pp. 48-50 and C-2 attached thereto.) Davenport also notes that there is a curious 23 second gap on one of the AutoZone security camera videos, skipping past the moment when the alleged accident would have taken place. The court believes that all of

these questions are better dealt with in the course of a trial than in summary judgment.

### III. CONCLUSION

The summary judgment submissions satisfy the court that genuine issues of material fact exist, making summary judgment inappropriate. The court also finds that the better course of action in this case is to proceed to trial and further test the merits of the dispute. Kunin v. Feofanov, 69 F.3d 59, 62 (5th Cir. 1995). Accordingly, Defendant's motion for summary judgment is **denied**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 11th day of September, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE